## HOLLAND PIANO MFG. CO. v. HOMELAND MUSIC CO. et al.

No. 19345.  Opinion Filed Dec. 17, 1929.

E. E. Gore, for plaintiff in error.

W. C. Austin and D. R. Rutherford, for defendants in error.

HEFNER, J.  This is an action by plaintiff in error, as plaintiff, to recover from the defendants in error, as defendants, the sum of $1,086 for pianos consigned to and sold by defendants.  Service was not obtained on the defendant Edmiston, and the cause was tried to the court as against the defendant Brewer.  Judgment was in favor of the defendant, and plaintiff appeals to this court.

While the evidence is slightly conflicting in some minor details, there is not much dispute as to the main facts. It appears that sometime in 1924, the defendants entered i to a partnership for the purpose of conducting a music business.  They thereafter executed a consignment agreement with plaintiff, under which they were to receive pianos, sell the same, and remit the proceeds, less their commission, to plaintiff.  Pursuant to this agreement, plaintiff at various times shipped pianos to defendants, who conducted their business under the name of Homeland Music Company.

On February 3, 1925, the defendant Edmiston purchased Brewer's interest in the business and the partnership was dissolved. Shortly thereafter, during the latter part of March, 1925, plaintiff's sales manager called on defendants, received payment f all pianos sold up to that time, and found in stock all the pianos which had not been sold.  The testimony of both Brewer and Edmiston, and of plaintiff's sales manager, is to the effect that at that time either Edmiston or Brewer told plaintiff's sales manager that Edmiston had bought Brewer's interest and that Brewer had retired from the business; that plaintiff's sales manager congratulated Edmiston and expressed the hope that he would do well in the business alone. It is further undisputed that plaintiff's agent, with knowledge of the fact that Brewer had retired, permitted the unsold pianos to remain with the defendant Edmis-

ton for sale under the consignment agreement.

The first and fourth paragraphs of the consignment contract sued upon are as follows:

"All instruments that are now or shall be furnished by you and all proceeds of their sale are to remain your property, subject to your order and free from any claims whatsoever. We agree to take good care of all instruments consigned to us, and to be responsible for the safe keeping of the same; also to hold ourselves responsible in case of any loss or damage to your instruments, and to keep them insured for your benefit with the policies made payable to you in case of loss, to an amount at least equal to the consignment price of the same."

"Upon your demand or that of your authorized representative we will deliver as you may direct, free of all charges or expenses to you of any kind, including return freights, all of such consigned instruments remaining unsettled for at the time of such demand with original packing cases of the same; we agree, in addition to returning the said stock, to pay you in cash an amount, for depreciation and use, equal to ten per cent. of the price prevailing at the time of such return, with interest from date of shipment, on any and all instruments returned."

A similar contract was considered by this court in the case of Akin v. Baldwin Piano Co., 62 Okla. 239, 162 Pac. 221, and it was there held that the contract was a consignment of property to an agent and not a conditional sale.

This language was used:

"The trial court did not err in its construction of the written contract. We can see it only a consignment of property to an agent, and not a conditional sale. * * *"

We therefore hold that the contract in the present case is consignment of property to an agent, and not a conditional sale.

After the defendants in this case had dissolved the partnership, the plaintiff had notice of the dissolution, and its sales agent was at the place of business of the defendants, and the entire partnership matters between the defendants and the plaintiff were gone over, checked up and settlement made for all pianos that had been sold at the time of settlement, and all the debts of the partnership were paid. The agent of the plaintiff checked the unsold pianos and found them all in stock. Under the contract the plaintiff had a right to repossess the pianos, but instead of doing this the evidence discloses that its agent assented to the removal of the unsold pianos from Eldorado to Sayre by the defendant Edmiston for the purpose of sale by him.

After hearing all of the evidence, Judge Frank Mathews, the learned trial judge, entered the judgment of the court in favor of the defendant Brewer. No judgment was entered against Edmiston because no service was had on him.

Since the contract under consideration was one of agency, it became a question for the trial court to determine whether or not, under the particular facts in this case, the agency, as to the partnership, was terminated. When we consider the fact that the agent of the plaintiff was a partnership, that the partnership was dissolved, that the plaintiff's agent checked the business affairs of the partnership, that all existing debts of the partnership were paid, and one member of the partnership, after its dissolution, was permitted to retain possession of the pianos remaining on hand and was permitted to remove them to Sayre for the purpose of selling the same, we think the evidence abundantly supports the judgment of the trial court that the agency was terminated. The defendant Brewer could not escape any liability on an existing debt or obligation up to the time the settlement was made and the agency was terminated. On the other hand, after such time he cannot be held liable for the agency, and its attendant obligations, of Edmiston, who was his former partner.

Speaking of the case of Mission Fixture Co. v. Potter, 26 Cal. App. 691, 148 Pac. 223, the Supreme Court of New Mexico, in the case of Michelin Tire Co. v. Akers, 255 Pac. 388, said:

"* * * That case did not involve the relation of debtor and creditor. Goods had been consigned to the partnership to be used as samples from which orders might be taken. A bailment resulted. The contract provided for return of the goods on the bailor's demand. The bailee partnership was dissolved; one partner purchasing the other's interest and continuing the business under the same name. Notice of these facts was given to the bailor. The principle of the decision is merely that the bailor, by permitting the bailment to continue when he might have ended it at any time, estopped himself from claiming any liability as against the retiring partner for conversion of the goods, after the dissolution, by the continuing partner. * * *"

We think the Supreme Court of New Mexico announced the correct rule, and

under that authority the judgment of the trial court in the case at bar should be and is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, CULLISON, and ANDREWS, JJ., concur. CLARK and SWINDALL, JJ., absent and not participating.